```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

ROLEX WATCH U.S.A., INC.,

        Plaintiff,

vs.                                  Case No.  2:12-cv-542-FtM-38UAM

JAMES MICHAEL LYNCH, UNKNOWN WEBSITES 1-10, JOHN DOES #1-10, UNKNOWN ENTITIES 1-10,

        Defendants.
_____

## OPINION AND ORDER

This matter is before the Court on consideration of the Magistrate Judge[1]'s Report and Recommendation (Doc. #17), filed May 3, 2013, recommending that plaintiff's Motion for the Entry of a Final Judgment and Injunction by Default Against Defendant (Doc. #13) be granted, default judgment and a permanent injunction be entered against James Michael Lynch, and the case be dismissed as to the remaining defendants.  No objections have been filed and the time to do so has expired.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  In the absence of specific

---

[1] The Report and Recommendation was issued prior to the appointment of the Honorable Sheri Polster Chappell to the district court.

objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

After conducting an independent examination of the file and upon due consideration of the Report and Recommendation, the Court accepts the Report and Recommendation of the magistrate judge as supplemented herein. The Court finds that defendant acted willfully and that plaintiff is entitled to statutory damages as to Count I of the Complaint. No multiplier of damages is sought, and plaintiff is not seeking damages as to the Count II, see doc. #13, n.2, which will be dismissed without prejudice. The unnamed defendants will also be dismissed without prejudice based on plaintiff's voluntary dismissal of these defendants. (See Doc. #13, n.1.)

The Court also specifically finds that the allegations in the Complaint, deemed admitted, present an exceptional case warranting attorney's fees. 15 U.S.C. § 1117(a). The fees outlined in the Declaration of Laura Pasternak (Doc. #13-2) are reasonable as to

the hours expended and the hourly rates and therefore will be granted in the amount of $6,969.50. Plaintiff is also entitled to the $350.00 filing fee as a taxable cost under 28 U.S.C. § 1920. Any other relief sought in the Complaint not addressed below is deemed voluntarily withdrawn.

Accordingly, it is now

**ORDERED**:

1. The Report and Recommendation (Doc. #17) is hereby **adopted** as supplemented herein to address attorney's fees and costs.

2. Plaintiff's Motion for the Entry of a Final Judgment and Injunction by Default Against Defendant (Doc. #13) is **granted** as provided below.

3. A Default judgment shall issue against defendant James Michael Lynch and in favor of plaintiff as to Count I of the Complaint (Doc. #1) awarding:

   A. Statutory damages in the amount of $800,000.00;

   B. Attorney's fees in the amount of $6,619.50; and

   C. Taxable costs in the amount of $350.00, the amounts of which are not dischargeable as willful and/or malicious injury to Rolex and/or Rolex's property under 11 U.S.C. § 523(a)(6) in any bankruptcy case filed by Defendant to the extent permitted by law.

   D. A Permanent Injunction will be entered under separate cover.

4.  Count II of the Complaint is dismissed without prejudice and the remaining unidentified and unserved defendants are dismissed without prejudice.

5.  The Clerk shall enter judgment as stated in paragraphs 3 and 4 and pursuant to the Permanent Injunction to be issued, terminate all deadlines and motions, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __12th__ day of June, 2013.

_____
JOHN E. STEELE
United States District Judge

Copies:
Hon. Sheri Polster Chappell
Counsel of Record